# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| LARRY LASHAIDA WILBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-2630-JDT-cgc |
| | ) | |
| CRIMINAL JUSTICE CENTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## NOTIFYING PLAINTIFF OF APPELLATE FILING FEE AND
## NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On September 18, 2019, Plaintiff Larry Lashaida Wilborn, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Wilborn submitted the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 8.) The Clerk shall record the Defendants as the Shelby County Criminal Justice Center (Jail); the Memphis Police Department (MPD) Homicide Bureau; MPD Sergeant B. Byrd; and MPD Detective B. Adams.

Wilborn alleges he was pulled over by unnamed MPD officers on April 10, 2018, but the officers would not give him a reason for the traffic stop. (ECF No. 1 at PageID 2.) They arrested him, handcuffed him, and took him "down town." (*Id.*) Wilborn alleges he was left in a room for two hours and then taken to another room where Sergeant Byrd and another detective were waiting.

(*Id.*)  Byrd and the other detective showed him photos of two of Wilborn's friends and told him that one of them had been killed.  (*Id.*)  Wilborn denied knowing anything about the killing.  (*Id.*)  Byrd allegedly "got mad[,] curse[d] me out," and told the other detective to charge Wilborn with first-degree murder.  (*Id.* at PageID 2-3.)

Wilborn also alleges that the officers did not perform a gunshot residue test on him and did not have a warrant for his arrest when he was pulled over.  (*Id.* at PageID 3.)  He alleges the car he was in, which belonged to his girlfriend, was taken for investigation but released a few weeks later.  (*Id.*)  He asserts that he has been falsely accused of murder, despite no investigation, by "one person that is on drugs and in an[d] out of Jail constantly."  (*Id.* at PageID 3-4.)

Wilborn seeks "a real lawyer" to represent him in his criminal case and to "settle this matter in court," which seems to be a request for monetary damages.  (*Id.* at PageID 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal

conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Wilborn filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Jail is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Wilborn's allegations are construed as claims against Shelby County, which may be held liable

*only* if Wilborn's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Because Wilborn does not allege that his arrest or charges were brought pursuant to an unconstitutional Shelby County policy, he asserts no basis to hold the County liable in this action.

The same analysis applies to Wilborn's allegations against the MPD Homicide Bureau, which are construed as claims against the MPD and, in turn, against the City of Memphis. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (citing *Kurz v. Michigan*, 548 F.2d 172, 174 (1977)). Because Wilborn does not allege that any MPD officer or detective was following an unconstitutional policy or custom of the City of Memphis, he fails to state a claim against the City.

Wilborn appears to assert a claim of false arrest against Sergeant Byrd, but that claim is untimely. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the

one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The Sixth Circuit has held that a Fourth Amendment claim based on an allegedly unlawful arrest accrues at the time of arrest. *Fox v. DeSoto*, 489 F.3d 227, 233, 235 (6th Cir. 2007). Wilborn alleges he was arrested on April 10, 2018. He therefore had until April 10, 2019, to file a complaint. He signed his complaint on July 19, 2019, over three months too late.

Nor may Wilborn raise a claim of malicious prosecution. "[A]n 'element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). Wilborn does not allege that his criminal prosecution has been terminated in his favor or that it has concluded at all. Unless and until his criminal conviction is invalidated, Wilborn's claim of malicious prosecution is premature. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).[1]

Wilborn does not allege any action by Defendant Adams. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To the extent he seeks to allege a claim of false arrest or malicious prosecution against Adams, those claims fail for the same reasons discussed above.

---

[1] If Wilborn has in fact been convicted and is seeking to challenge the fact or duration of his confinement, including on the basis that his attorney has provided ineffective assistance, his claims must be brought in a habeas petition under 28 U.S.C. § 2254 and not in an action under § 1983. *See Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983.").

To the extent that Wilborn may be asking this Court to intervene in his criminal proceeding, the Court cannot do so. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Wilborn does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

Nor does Wilborn state a claim about the temporarily impounded car. Claims for deprivation of property are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985). This is true even if the property is taken intentionally. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[T]he State of Tennessee does provide an adequate post-deprivation

remedy for takings of property." *McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005) (citing *Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir. 1985)). Wilborn must seek a remedy for the taking of the car, if there is one, in state court.

For all the foregoing reasons, Wilborn's complaint is subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Wilborn's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Wilborn in this case would be taken in good faith. The good faith standard is an objective one.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Wilborn would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Wilborn nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Wilborn is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Wilborn, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[2] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

---

[2] *See Wilborn v. Shelby County Sheriff Department, et al.*, No. 19-2301-JDT-cgc (W.D. Tenn. Sept. 12, 2019) (dismissed for failure to state a claim); *Wilborn v. State of Tennessee*, No. 11-2658-JDT-tmp (W.D. Tenn. July 2, 2012) (same), *aff'd*, No. 12-5836 (6th Cir. Mar. 6, 2013).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, Wilborn is warned that he will be barred from filing any further actions *in forma pauperis* while he is a prisoner unless he is in imminent danger of serious physical injury. If any new civil complaint filed by Wilborn is not accompanied by the entire $400 civil filing fee, the complaint must contain allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If the new complaint does not sufficiently allege imminent danger, it will be dismissed without prejudice; Wilborn would then have an opportunity to file, within 28 days, a motion to re-open the case accompanied by the $400 civil filing fee.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE