UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LARRY LASHAIDA WILBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-2630-JDT-cgc |
| | ) | |
| CRIMINAL JUSTICE CENTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO RECONSIDER

On January 9, 2020, the Court dismissed this case filed *pro se* by the prisoner Plaintiff, Larry Lashaida Wilborn, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 10.) Judgment was entered on January 10, 2020. (ECF No. 11.) The Clerk docketed a letter from Wilborn on January 29, 2020, (ECF No. 12), which the Court construes as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and/or a motion for relief from the order of dismissal and judgment under Federal Rule of Civil Procedure 60(b).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985).

A court may alter or amend its judgment because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *Franklin v. Francis*, 36 F. Supp.2d 1008, 1010 (S.D. Ohio 1999) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973)).

Pursuant to Rule 60(b), the Court is authorized to grant relief "from a final judgment, order, or proceeding" for any of five specified reasons, one of which is "mistake," and for "any other reason that justifies relief." Claims of legal error are properly considered under Rule 60(b)(1) as a type of mistake. *See Braggs v. Perez*, 42 F. App'x 678, 680 (6th Cir. 2002); *Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985). However, "[r]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). It is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

In his letter, Wilborn asks the Court to take a "second look" at the case and summarizes his claims relating to his ongoing state-court criminal proceeding. Those claims include the failure of law enforcement personnel to properly and thoroughly investigate the crime of which he is accused, failure to administer a *Miranda* warning, false arrest, and malicious prosecution. Wilborn also seeks to add several additional Shelby County law enforcement officers as defendants. (*Id.*)

Nothing in Wilborn's motion persuades the Court that relief from the order of dismissal and judgment would be appropriate, as he merely re-states and re-argues his claims. He has not demonstrated that the dismissal was erroneous. Therefore, the motion to reconsider is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE